FOR THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Mary Hamrick, ) | Case No. 7:16-cv-01848-MGL |
| ) | |
| Plaintiff. ) | |
| ) | |
| vs. ) | **AMENDED COMPLAINT** |
| ) | (JURY TRIAL DEMANDED) |
| Metropolitan Life Insurance, ) | BREACH OF CONTRACT AND |
| ) | DECLARATORY JUDGMENT |
| Defendant. ) | |
| _____) | |

The Plaintiff, Mary Hamrick, complaining of the Defendant states and avers as follows:

1. The Plaintiff is an individual residing in the County of Greenwood, State of South Carolina.

2. The Defendant Metropolitan Life Insurance Company a/k/a MetLife (hereinafter "MetLife") is, upon information and belief, a corporation organized under the laws of a state other than South Carolina, but routinely engaged in the business of selling long term disability insurance policies within South Carolina.

3. The Plaintiff entered into a Long Term Disability insurance policy agreement (policy number to be provided at the appropriate time) with the Defendant, whereby Plaintiff agreed to play a monthly premium to Defendant in exchange for a monthly benefit on the event of disability.

4. The effective date of coverage began September 1, 1999.

5. The Plaintiff resided in Inman, South Carolina in the County of Spartanburg when the contract for the insurance policy was made.

6. Plaintiff has performed all obligations and conditions required of her under the Policy, including the payment of premiums in a timely manner.

7. Plaintiff submitted an application for disability benefits under the policy due to her medical conditions, including but not limited to, post fracture of the femur/tibia, rotator cuff injury, diabetes, chronic joint pain and edema. The Plaintiff is now and for all dates relevant to her benefits application has been of advanced age, has limited physical mobility, and resides in an assisted care facility.

8. The Plaintiff cannot perform many activities of daily living, including but not limited to, bathing, dressing, getting in and out of a wheelchair, feeding herself, and this has persisted for more than 90 days. This was her condition at the time a request for benefits authorization was submitted to the Defendant on March 25, 2014, and the initial denial determination was made by the Defendant on or about July 14, 204.

9. Plaintiff is informed and believes that her current medical condition and condition at the time she applied for benefits would constitute "Chronically Ill" and trigger benefits under the policy.

10. Despite the Plaintiff's repeated requests and demands for benefits, Defendant has denied Plaintiff's benefits.

11. Plaintiff appealed denial of benefits to Defendant on September 11, 2014 and the appeal was denied on November 14, 2014.

12. The Defendant has received documentation from physicians that have evaluated the Plaintiff and this documentation clearly indicates that the Plaintiff's medical condition would meet the requirements of "Chronically Ill" to trigger benefits under the policy.

13. Plaintiff is informed and believes the Defendant is required to pay benefits under the Policy but has failed to do so without proper cause.

**FOR A FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**

14. Plaintiff re-alleges and incorporates herein by reference the allegations of the above paragraphs.

15. An actual controversy has arisen between Plaintiff and Defendant, as to their respective rights, remedies and obligations under the Policy. Specifically, Plaintiff alleges that the Defendant is obligated to provide long term disability benefits under the Policy due to her disability and is entitled to all past due benefits from the date of disability and for the remainder of the period of her disability and any other such amounts of restitution or damages as the court may order.

16. The Plaintiff further contends that Defendant has improperly and unfairly denied benefits under the Policy.

17. Plaintiff seeks a declaration as to the respective rights, remedies and obligations of the parties.

**FOR A SECOND CAUSE OF ACTION**
**(Breach of Contract)**

18. The Plaintiff re-alleges and incorporates herein by reference the allegations of the above paragraphs.

19. The Plaintiff has performed all obligations under the Policy.

20. The Plaintiff is and has been entitled to benefits under the policy.

21. The Defendant has breached the Policy by denying benefits and by failing to abide by the terms of the Policy and pay benefits as a result of a long term disability.

22. That the Plaintiff is entitled to an award of all benefits due and unpaid under the police, and for all other damages as may be determined by the court including pre-judgment interest and attorney's fees and costs of this action.

**WHEREFORE**, Plaintiff prays for relief as set forth below:

1. For an order declaring Plaintiff is entitled to benefits under the policy;
2. For a judgment against the Defendant in an amount for benefits due and unpaid, and for all other damages she is entitled to as may be determined by the Court;
3. For prejudgment interest;
4. For attorney's fees and costs as allowed by the court;
5. Granting such other and further relief as this court deems just and proper.

Respectfully submitted,

/s James R. Snell, Jr.
James R. Snell, Jr.
Identification No.: 9482
Law Office of James R. Snell, Jr., LLC
Attorney for the Plaintiff
316 South Lake Drive
Lexington, South Carolina 29072
(803) 359-3301
(803) 359-7691 (facsimile)

June 29, 2016
Lexington, South Carolina